```
 1

 2              IN THE UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
 3                        SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 17-03091-01-CR-S-MDH
                                 )
 5             Plaintiff,        ) Springfield, Missouri
                                 ) December 21, 2017
 6  v.                           )
                                 )
 7  DONALD GREEN,                )
                                 )
 8             Defendant.        )
    _____)
 9
                  TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10                 BEFORE THE HONORABLE DAVID P. RUSH
                     UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:          Mr. Casey M. Clark
13                              Assistant United States Attorney
                                901 St. Louis St., Ste. 500
14                              Springfield, MO  65806
                                (417) 831-4406
15
    For the Defendant:          Mr. David R. Mercer
16                              Federal Public Defender's Office
                                901 St. Louis St., Ste. 801
17                              Springfield, MO  65806
                                (417) 873-9022
18
    Court Audio Operator:       Ms. Karen Siegert
19
    Transcribed by:             Rapid Transcript
20                              Lissa C. Whittaker
                                1001 West 65th Street
21                              Kansas City, MO  64113
                                (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

1    (Court in Session at 10:19 a.m.)

2         THE COURT:  Calling in *United States vs. Donald Green*.

3    The defendant appears in person along with his attorney, Mr.

4    David Mercer.  The United States appears by Assistant United

5    States Attorney, Mr. Casey Clark.  This matter is set this

6    morning for a change of plea to the Indictment returned against

7    this defendant on July 11th of 2017.  Mr. Green, you have signed

8    a consent to have these proceedings for a plea of guilty before a

9    Magistrate Judge, with the understanding that a United States

10   District Judge, a judge of higher jurisdiction, will keep your

11   case for acceptance of the plea of guilty and sentencing.  Even

12   though you signed this consent you have a right, if you wish, to

13   appear before a United States District Judge, a judge of higher

14   jurisdiction, for these proceedings.  At any appearance before

15   the District Judge, you're presumed innocent until such time, if

16   ever, as the Government establishes your guilt beyond a

17   reasonable doubt to the satisfaction of the judge or jury.  You

18   always have a right to be present and to confront and cross-

19   examine witnesses.  You have a right to use the power of the

20   court to subpoena evidence on your behalf -- (clearing throat)

21   excuse me -- and you have a right to testify or not testify as

22   you would choose.  And if you chose not to testify it would not

23   be held against you as that is your right.  If, after

24   understanding the charges against you, the range of punishment,

25   if convicted, and your right to appear before a District Judge,

1  if you wish, you may waive or give up that right and proceed this

2  morning before the Magistrate Judge.  As I indicated, you have

3  signed such a consent.  Do you understand that you have a right

4  to appear before a United States District Judge, a judge of

5  higher jurisdiction, for these proceedings?

6       MR. GREEN:  Yes, sir.

7       THE COURT:  And if you don't mind just leaning forward.

8  I can hear you but the transcriptionist sometimes has difficulty.

9  But I know you said "Yes, sir."

10      MR. GREEN:  Yeah.

11      THE COURT:  And is it your desire to give up that right

12 and proceed this morning before the Magistrate Judge?

13      MR. GREEN:  Yes, sir.

14      THE COURT:  Mr. Green, do you understand the charge

15 against you in Count One of the Indictment in this case?

16      MR. GREEN:  Yes, I do.

17      THE COURT:  And do you understand that if convicted of

18 the charge in Count One -- well, let me ask you this.  Mr.

19 Mercer, do you have any objection -- the four counts are all

20 similar and the same range of punishment -- if I address the

21 defendant as to all four counts?

22      MR. MERCER:  Not at all, Your Honor.  That would be

23 fine.

24      THE COURT:  All right.  Mr. Green, do you understand the

25 charges against you in Counts One, Two, Three and Four of the

1  Indictment in this case?

2          MR. GREEN:  Yes, sir.

3          THE COURT:  And do you understand that if convicted of

4  Counts One, Two, Three, and four -- I'm going to ask you a

5  question about the range of punishment.  It's the same range of

6  punishment as to all the four counts.  So do you understand that

7  as to all four of those counts the maximum penalty the court may

8  impose as to each count individually is not more than 10 years

9  imprisonment, not more than a $250,000 fine, not more than three

10 years supervised release, and a $100 mandatory special

11 assessment?

12         MR. GREEN:  Yes, sir.

13         THE COURT:  To the charge in Count One, how do you wish

14 to plead, guilty or not guilty?

15         MR. GREEN:  Guilty.

16         THE COURT:  To the charge in Count Two, how do you wish

17 to plead, guilty or not guilty?

18         MR. GREEN:  Guilty.

19         THE COURT:  To the charge in Count Three, how do you

20 wish to plead, guilty or not guilty?

21         MR. GREEN:  Guilty.

22         THE COURT:  And to the charge in Count Four, how do you

23 wish to plead, guilty or not guilty?

24         MR. GREEN:  Guilty.

25         THE COURT:  Would you please raise your right hand as

1  best you can?

2                    DONALD GREEN, DEFENDANT, SWORN

3           THE COURT:  Mr. Green, has anyone made any threat of any

4  kind to force you to plead guilty or give up any of the other

5  rights we've discussed this morning?

6           MR. GREEN:  No, sir.

7           THE COURT:  Has anyone promised you anything to induce

8  you or overcome your will to get you to plead guilty or give up

9  any of the other rights we've discussed?

10          MR. GREEN:  No, sir.

11          THE COURT:  I mentioned to you that there was a

12  supervised release term of not more than three years that could

13  be imposed in your case as to each of the counts, One, Two, Three

14  and Four.  Do you understand that if those terms were imposed and

15  then revoked for any reason, that you could be required to serve

16  an additional term of imprisonment of not more than two years, as

17  to each count, and if that happened, you would receive no credit

18  for any other time you had spent either in custody or on release?

19          MR. GREEN:  Yes, sir.

20          THE COURT:  Do you understand that the court could then

21  impose an additional term of supervised release as to each of the

22  four counts, which is governed by the maximum of the statute,

23  minus any time you'd spent in custody as a result of a violation?

24          MR. GREEN:  Yes, sir.

25          THE COURT:  Do you understand that from a sentence

1   imposed in your case that there is no parole?

2           MR. GREEN:  Yes, sir.

3           THE COURT:  Do you understand that there are Sentencing

4   Guidelines to which the District Court or sentencing judge would

5   refer to in an advisory capacity when attempting to fashion a

6   reasonable sentence in your case?

7           MR. GREEN:  Yes, sir.

8           THE COURT:  Now, have you discussed the guidelines with

9   Mr. Mercer?

10          MR. GREEN:  Yes, sir.

11          THE COURT:  Do you understand them?

12          MR. GREEN:  I do.

13          THE COURT:  Do you understand that the final decision as

14  to how the guidelines are calculated and ultimately what sentence

15  will be imposed rests with the District Judge?

16          MR. GREEN:  Yes, sir.

17          THE COURT:  If the District Judge would calculate the

18  guidelines differently from what you've discussed with Mr.

19  Mercer, that fact would not give you the right to withdraw or

20  change your plea of guilty.  Do you understand that?

21          MR. GREEN:  Yes, sir.

22          THE COURT:  Once the District Judge establishes the

23  advisory guideline range, in some circumstances, you could be

24  sentenced above that range and, in other circumstances, you could

25  be sentenced below that range.  And again, the judge's decision,

1   if you disagreed, would not give you the right to withdraw or

2   change your plea of guilty.  Do you understand that?

3           MR. GREEN:  Yes, sir.

4           THE COURT:  Now, Mr. Green, you have a right to a trial

5   by jury with all the protections that I explained to you at the

6   beginning of these proceedings.  (Clearing throat).  Excuse me.

7   Do you understand your right to a trial by jury?

8           MR. GREEN:  Yes, sir.

9           THE COURT:  And do you understand that if the court

10  accepts your pleas of guilty that there won't be a trial?

11          MR. GREEN:  Yes, sir.

12          THE COURT:  Now, I'm going to ask you about the offense

13  charged in Counts One, Two, Three, and Four of the Indictment in

14  this case.  I would remind you that you are under oath.  You must

15  answer truthfully.  Any false answers could result in charges of

16  false swearing or perjury.  You always have the right to remain

17  silent.  And I want you to listen carefully because in just a

18  moment I'm going to ask the attorney for the United States to

19  state for the record the evidence that he believes the United

20  States could present at trial to prove or establish your guilt

21  beyond a reasonable doubt to the satisfaction of the judge or

22  jury.  After he's finished, I'm going to ask you if you, in fact,

23  did the things that he's stated for the record that he believes

24  he can prove beyond a reasonable doubt.  Mr. Clark.

25          MR. CLARK:  Thank you, Your Honor.  If this case were to

proceed to trial, the Government evidence would show, first in
relation to Count One, that on or about July 21 of 2016,
Springfield Police Department Officers executed a search warrant
at 2220 Northeast Avenue, a location in Springfield, Greene
County, Missouri, within the Western District of Missouri.
During the execution of that search warrant, officers recovered a
Delaware Machinery AR-15 rifle bearing Serial Number 0000767
within that home.  Officers also located the defendant, Donald
Green.  During the course of that investigation, the defendant
later confessed that he had acquired that firearm recently.  And
so the evidence would show that the defendant was in possession
of that firearm.  Furthermore, the evidence would show that the
firearm was operational and had been manufactured outside the
state of Missouri and, thus, had been involved in interstate
commerce prior to the defendant coming into possession of it.  In
relation to Count Two, the evidence would show that Springfield
Police Department Officer John Henson conducted a traffic stop on
August 11, 2016, of a vehicle being operated by the defendant,
Donald Green.  This traffic stop occurred on Main Street in
Greene County in the Western District of Missouri.  During the
course of that traffic stop, Officer Henson conducted a search of
that vehicle resulting in the discovery of a firearm,
specifically, a Kahr, K-A-H-R, Model K9 .9mm pistol bearing
Serial Number AE0155.  The evidence would also show that that
firearm was operational and had been manufactured outside the

state of Missouri, and would show that the defendant was in
possession of that firearm which had been involved in interstate
commerce prior to the defendant possessing it.  In relation to
Count Three, the evidence would show that on or about October 20
of 2016, the Springfield Police Department Officer Cooney, C-O-O-
N-E-Y, conducted a traffic stop of a vehicle operated by the
defendant, Donald Green.  This traffic stop occurred at or near
1605 East Kearney Street, in Springfield, Greene County,
Missouri, a location in the Western District of Missouri.  During
the course of that traffic stop, the officer conducted a search
of the vehicle and located a Colt, Model Agent 38 Special
revolver bearing Serial Number 22868.  The investigation revealed
that the defendant was in possession of that firearm, that the
firearm was operational and had been manufactured outside the
state of Missouri and must have been involved in interstate
commerce prior to the defendant possessing it.  And last, in
relation to Count Four, on or about January 20, 2017, Springfield
Police Officer Brasser, B-R-A-S-S-E-R, conducted a traffic stop
of a vehicle being operated by the defendant, Donald Green.  This
traffic stop occurred near the intersection of North Travis
Avenue and East Dale Street, a location in Greene County,
Missouri, in the Western District of Missouri.  During the course
of that traffic stop, the officer located a firearm inside the
vehicle, specifically identified as a Glock, Model 26 .9 mm
pistol bearing Serial Number KCH752.  The investigation and the

evidence would show that the defendant was in possession of that firearm at that time, that the firearm was operational, and had been manufactured outside of the state of Missouri and, thus, had been involved in interstate commerce prior to the defendant possessing it.  The evidence would also show that the defendant had previously before all of these four dates been convicted of a felony punishable by a term of imprisonment exceeding on year.  Thank you, Your Honor.

THE COURT:  Thank you, Mr. Clark.  Mr. Green, you've listened to the evidence that the Government has stated that they could present at trial to prove or establish your guilt beyond a reasonable doubt.  As to each of the four counts, did you, in fact, do the things that he's stated for the record they can prove?

MR. GREEN:  Yes, sir.

THE COURT:  Mr. Mercer, you've had access to the Government's discovery file in this case, have you not?

MR. MERCER:  Yes, I have, Your Honor.

THE COURT:  And based upon your review of the discovery file, are you satisfied if put to proof, that the United States could make a submissible case as to all the elements pertaining to Counts One, Two, Three, and Four of the Indictment as set forth in the factual basis provided by the Government?

MR. MERCER:  Yes, Your Honor.

THE COURT:  There is an adequate factual basis for the

1  pleas of guilty to Counts One, Two, Three and Four.  I find that

2  the plea is voluntary and did not result from force, threats or

3  promises.  Mr. Green, you are represented in this case by Mr.

4  Mercer.  Have you had enough time to talk with him about your

5  case?

6          MR. GREEN:  Yes, sir.

7          THE COURT:  Are you satisfied with the advice that he's

8  given you?

9          MR. GREEN:  Yes, sir.

10         THE COURT:  The law requires me to ask you if this

11 morning you are on any medication prescribed by a physician or

12 any drugs or alcohol of any kind which would affect your ability

13 to understand these proceedings?

14         MR. GREEN:  No, sir.

15         THE COURT:  Understanding that and the other matters

16 that we've discussed this morning, is it your desire for the

17 court to accept these pleas of guilty?

18         MR. GREEN:  I do.

19         THE COURT:  Mr. Clark, on behalf of the United States,

20 do you have any other record under Rule 11 that you think I need

21 to make?

22         MR. CLARK:  No, Your Honor.  Thank you.

23         THE COURT:  Mr. Mercer, on behalf of the defendant, do

24 you have any other record under Rule 11 that you think I need to

25 make?

1       MR. MERCER:  No, Your Honor.

2       THE COURT:  I will recommend the pleas of guilty be

3  accepted and I will order a Presentence Investigation to be

4  conducted by the Probation Office.  Mr. Green, good luck to you,

5  sir.  With that, we'll be in recess.

6                 (Court Adjourned at 10:33 a.m.)

1

2

3

4

5          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
6     above-entitled matter.

7

8          /s/ Lissa C. Whittaker        December 27, 2017
           Signature of transcriber            Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25